IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| TERESA McINTYRE | § | |
|    Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | Civil Action No. 5:22-cv-00170 |
| SAFECO INSURANCE COMPANY OF INDIANA | § | |
| | § | |
|    Defendant. | § | |

## SAFECO INSURANCE COMPANY OF INDIANA'S NOTICE OF REMOVAL

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Safeco Insurance Company of Indiana ("Safeco") files this Notice of Removal pursuant to 28 U.S.C. §1446(a) and respectfully show the following:

### *Procedural Background*

1. On January 18, 2022, Plaintiff Teresa McIntyre filed her Original Petition ("Original Petition") styled *Teresa McIntyre v. Safeco Insurance Company of Indiana;* Cause No. 2022CI00995; In the 225th Judicial District Court, Bexar County, Texas. Safeco was served with citation on January 27, 2022 and filed its Original Answer on February 10, 2022.

### *Nature of the Suit*

2. This lawsuit involves a dispute over Safeco's handling of Plaintiff's insurance claim for damages allegedly sustained at her residential property located at 12702 Weeping Oak Trail, Live Oak, Texas 78233 as the result of a storm occurring on or about April 29, 2021. Plaintiff asserts causes of action against Safeco for breach of contract, violations of the Texas Insurance Code (unfair settlement practices and noncompliance with prompt payment of claims), breach of

the duty of good faith and fair dealing, violations of the Texas Deceptive Trade Practices Act, and common law fraud.

## Basis for Removal

3. Removal is proper under 28 U.S.C. §1332 because there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

**A. The Amount in Controversy Exceeds $75,000.**

4. In determining the amount in controversy, the court may consider "policy limits and potential attorney's fees, [. . .] penalties, statutory damages, and punitive damages."[1] Here, Plaintiff claims that her property, which Plaintiff insured through Safeco, sustained storm damage.[2] Plaintiff seeks damages for Safeco's alleged failure to pay Plaintiff what was owed under the terms of her insurance contract.[3] The Policy in effect on the reported date of loss was a Safeco Quality Select Homeowners Policy with coverage limits of $202,900 for the dwelling, $20,290 for other structures, and $81,160 for personal property. Plaintiff seeks actual damages, statutory benefits, treble damages, exemplary and punitive damages, pre-judgment interest, post-judgment interest, and costs of suit.[4] Plaintiff also seeks attorney fees for bringing this suit.[5]

---

[1] *St. Paul Reinsurance Co., Ltd v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998); *see Ray v. State Farm Lloyds*, 1999 WL 151667 (N.D. Tex. Mar. 10, 1999) at *2-3 (finding a sufficient amount in controversy in Plaintiffs' case against their insurance company for breach of contract, fraud, negligence, gross negligence, bad faith, violations of the Texas Insurance Code, violations of the Texas Deceptive Trade Practices Act, and mental anguish); *Fairmont Travel, Inc. v. George S. May Int'l Co., et. al.*, 75 F. Supp. 2d 666, 668 (S.D. Tex. 1999) (considering DTPA claims and the potential for recovery of punitive damages for the amount in controversy determination); *Chittick v. Farmers Insurance Exchange*, 844 F. Supp. 1153, 1155 (S.D. Tex. 1994) (finding a sufficient amount in controversy after considering the nature of the claims, the types of damages sought and the presumed net worth of the defendant in a claim brought by the insureds against their insurance company for actual and punitive damages arising from a claim they made for roof damages).
[2] *See* **Exhibit A**, Original Petition at page 2.
[3] *See* **Exhibit A**, Original Petition at pages 3-6.
[4] *See* **Exhibit A**, Original Petition at pages 11-13.
[5] *See* **Exhibit A**, Original Petition at pages 12-13.

5. Plaintiff pleads in her Original Petition that she is "seeking monetary relief over $220,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorneys' fees."[6] Plaintiff is also seeking "treble damages, statutory interest, and exemplary damages."[7] Plaintiff presented a pre-litigation DTPA demand to Safeco on September 16, 2021, in which Plaintiff asserted she was owed $73,535.72, and included a threat of after-suit demand of $220,607.16.[8] Additionally, Plaintiff's public adjuster prepared an estimate of repairs in the sum of $77,773.67. Thus, given the Policy limits pertinent to Plaintiff's claim, the nature of Plaintiff's claim, and the types of damages sought, including Plaintiff's claim for treble and exemplary damages, the amount in controversy exceeds the federal jurisdictional minimum of $75,000.00.

**B. Complete Diversity Exists Among Remaining Parties**

6. Upon information and belief, Plaintiff was a citizen of Texas when her Petition was filed, and she continues to be a citizen of Texas.

7. Safeco is a company organized under the laws of the State of Indiana with its principal place of business is 175 Berkeley Street, Boston, Massachusetts. Accordingly, complete diversity exists between Plaintiff and Safeco.

### *The Removal is Procedurally Correct*

8. Safeco was first served with the Original Petition in District Court on January 27, 2022. Therefore, Safeco files this Notice of Removal within the 30-day time period required by 28 U.S.C. §1446(b)(3).

---

[6] *See* **Exhibit A**, Original Petition, page 2.
[7] *See* **Exhibit A**, Original Petition, page 2.
[8] *See* **Exhibit B**, Plaintiff's DTPA Demand dated September 16, 2021

3

13. Venue is proper in this district under 28 U.S.C. §1446(a) because this district and division embrace the place in which the removed action has been pending and because a substantial part of the events giving rise to Plaintiff's claims allegedly occurred in this district.

14. Pursuant to 28 U.S.C. §1446(a), all pleadings, process, orders, and all other filings in the state court action are attached to this Notice as Exhibit A.

15. Pursuant to 28 U.S.C. §1446(d), promptly after Safeco files this Notice, written notice of the filing of this Notice of Removal will be given to Plaintiff, the adverse party.

16. Pursuant to 28 U.S.C. §1446(d), a true and correct copy of this Notice will be filed with the District Clerk for 225th Judicial District for Bexar County, Texas, promptly after Safeco files this Notice.

WHEREFORE, Safeco Insurance Company of Indiana requests that this action be removed from the 225th Judicial District Court of Bexar County, Texas to the United States District Court for the Western District of Texas, San Antonio Division, and that this Court enter such further orders as may be necessary and appropriate.

Respectfully submitted,

LINDOW ▪ STEPHENS ▪ SCHULTZ LLP
One Riverwalk Place
700 N. St. Mary's Street, Suite 1700
San Antonio, Texas 78205
Telephone:	(210) 227-2200
Facsimile:	(210) 227-4602
dstephens@lsslaw.com
rramos@lsslaw.com

_____
David R. Stephens
State Bar No. 19146100
Roland D. Ramos
State Bar No. 24096362

COUNSEL FOR SAFECO INSURANCE
COMPANY OF INDIANA

**CERTIFICATE OF SERVICE**

  The undersigned hereby certifies that a copy of the foregoing Notice of Removal was filed electronically with the United States District Court for the Western District of Texas, San Antonio Division, with notice of case activity to be generated and sent electronically by the Clerk of the Court with ECF notice being sent and a copy mailed *via electronic mail* on this **24th day of February 2022**, addressed to those who do not receive notice from the Clerk of the Court.

  Shaun W. Hodge
  Katherine C. Hairfield
  THE HODGE LAW FIRM, PLLC
  1301 Market Street
  Galveston, Texas 77550
  shodge@hodgefirm.com
  khairfield@hodgefirm.com

                    _____
                     David R. Stephens / Roland D. Ramos